Victor J. Sandoval (SBN 344461)
**ALMEIDA LAW GROUP LLC**
3415 S. Sepulveda Blvd. Suite 1121
Los Angeles, California 90034
(562) 534-5907
victor@almeidalawgroup.com

*Attorney for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTINE MCKAUGHAN, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>SHE SELLS ACADEMY LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT
-1-

1. Kristine McKaughan ("Plaintiff") brings this class action against She Sells Academy LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing message to residential numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the permission required by the TCPA.

## PARTIES

3. Plaintiff is a natural person who resides in Butte County, which is in this district.

4. Defendant is a Florida limited liability company with a principal place of business in Broward County, FL.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331 as the action arises under the TCPA, a federal statute.

6. This Court has personal jurisdiction over the Defendant and venue is proper because the Defendant sent the text messages at issue into this district.

## INTRODUCTION

7. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records.

8. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227).

9. As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms." *Id.* § 2(9).

10.    The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2).

11.    Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, she can add her number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ("It is an abusive telemarketing act or practice and a violation of this [Rule] for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the 'do-not-call' registry, maintained by the Commission."). Private suits can seek either monetary or injunctive relief. 47 U.S.C. § 227. This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace. *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

## PLAINTIFF'S ALLEGATIONS

12.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13.    Plaintiff is the subscriber and customary user of cellular telephone number—530-321-XXXX.

14.    The telephone number is a personal residential telephone number.

15.    Plaintiff does not have a landline.

16.    Plaintiff uses 530-321-XXXX primarily to communicate with friends and family, and to schedule personal appointments and for other household purposes.

17.    Plaintiff does not have any other telephone number.

18.     Plaintiff has a personal cellphone plan, which she pays for.

19.     Plaintiff does not use the telephone number 530-321-XXXX for business or commercial purposes, has never had her telephone number associated with a business, and has never used her telephone number in any business or marketing materials.

20.     Plaintiff registered telephone number 530-321-XXXX with the DNC Registry on January 7, 2014.

21.     Defendant delivered, or caused to be delivered, at least four text messages from telephone number (844) 872-0924 to telephone number 530-321-XXXX on March 18, 2026.

22.     Screenshots of the text messages are below:

*[Remainder of page intentionally left blank]*





23. The subject text messages promoted a "She Sells Masterclass" webinar and live event hosted by Defendant, urging recipients to attend an online session and providing links to Defendant's website at shesellsremote.com.

24. Defendant delivered, or caused to be delivered, the subject text messages to telephone number 530-321-XXXX thirty-one or more days after Plaintiff registered telephone number 530-321-XXXX with the DNC Registry.

25. The purpose of the subject text messages was to advertise and market Defendant's business or services.

26. The subject text messages were sent for the purpose of generating revenue for Defendant by promoting paid training programs, seminars, and coaching services offered through Defendant's website.

27. The messages directed recipients to landing pages designed to induce purchases, registrations, or enrollment in Defendant's for-profit programs.

28. The inclusion of hyperlinks in the subject text messages directing Plaintiff to Defendant's website and webinar registration pages demonstrates that the messages constituted commercial advertisements and telemarketing.

29. The messages were intended to solicit consumers to attend sales presentations and to purchase Defendant's services.

30. Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages to telephone number 530-321-XXXX.

31. Plaintiff did not request information or promotional materials from Defendant.

32. Plaintiff suffered actual harm as a result of the subject text messages in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

//

//

//

**CLASS ALLEGATIONS**

33. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

34. Plaintiff brings this action on behalf of himself and the following classes (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> All persons throughout the United States (1) who did not provide their telephone number to SHE SELLS ACADEMY LLC (2) to whom SHE SELLS ACADEMY LLC delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting SHE SELLS ACADEMY LLC's goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before SHE SELLS ACADEMY LLC delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

35. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

36. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of its agents.

37. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

38. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

39.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

a.    whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b.    whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls and;

c.    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40.    **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members, such that joinder of all members is impracticable.

41.    In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a.    The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

CLASS ACTION COMPLAINT
-8-

c.      Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d.      Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### *(On Behalf of Plaintiff and the Class)*

42.      Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

43.      It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered her or his telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

44.      Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of her or his telephone numbers on the National Do Not Call Registry.

45.      These violations were willful or knowing.

46.      As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

47.      Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from continuing its violative behavior, including continuing to deliver, or causing to be delivered, solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Dated: April 2, 2026                                    Respectfully Submitted,

                                                        /s/ Victor J. Sandoval
                                                        Victor J. Sandoval
                                                        **ALMEIDA LAW GROUP LLC**
                                                        3415 S. Sepulveda Blvd. Suite 1121
                                                        Los Angeles, California 90034
                                                        (562) 534-5907
                                                        victor@almeidalawgroup.com

                                                        *Attorney for Plaintiff and the Putative Class*